IN THE UNITED STATES DISTRICT COURT
FOR THE ALASKA



UNITED STATES OF AMERICA )
v. ) Case No. 1:24-mj-00018-MMS
)
NTANDO SOGONI )
        Defendant. )
)
)

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Matthew B. Judy, Special Agent of the Federal Bureau of Investigation (FBI), being duly sworn, depose and state that:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since August of 2004. During my employment with the FBI, I have been assigned the investigation of all criminal matters within the jurisdiction of the FBI, with emphasis in the areas of criminal enterprises, drugs, violent crimes, violent crimes against children, street gangs, and fugitives. I have served assignments in Utah and along the United States-Mexico border of Texas. In both previous locations, I was tasked to investigate criminal enterprises, which included investigations of violent crimes. I have been assigned to the Juneau Resident Agency within the Anchorage Division of the FBI since October of 2010. In my current assignment, I am responsible to investigate all criminal activity currently under the jurisdiction of the FBI, to include investigations involving the Special Maritime and Territorial Jurisdiction of the United States.



## PURPOSE OF AFFIDAVIT

2. This Affidavit is presented in support of a criminal complaint and request for the issuance of arrest warrant against and for NTANDO SOGONI, for whom I submit there is probable cause to believe he committed and intentionally violated Title 18 United States Code (U.S.C.) Section (§) 113(a)(3), "Assaults Within Maritime and Territorial Jurisdiction."

3. The facts in this affidavit come from information obtained from my investigation, from my training and experience and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

## PERTINENT STATUTE

4. Title 18 U.S.C. § 113(a)(3) is provided below:

5. (a) "Whoever, in the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

> (3) "Assault with a dangerous weapon, with intent to do bodily harm, by a fine under this title or imprisonment for not more than ten years, or both."

## FACTS IN SUPPORT OF PROBABLE CAUSE

6. On May 6, 2024, I received information from the Director of Security Investigations and Security Operations at Norwegian Cruise Line Holding, Ltd, herein referred to as the Director of SI/SO. The Director of SI/SO advised there had been an assault on board the Norwegian Cruise Line (NCL) cruise ship Norwegian Encore. The following information was relayed from shipboard security personnel by the Director of SI/SO.

7. NTANDO SOGONI, a citizen of South Africa, had been recently hired and joined the Norwegian Encore in Seattle, Washington on May 5, 2024.



8. On the late evening of May 5, 2024, ship personnel observed SOGONI attempting to deploy a lifeboat. SOGONI was contacted by ship security officers, who eventually escorted him to the shipboard medical center for an assessment. After he was brought to an examination room, SOGONI became irrational and attempted to leave. He physically attacked a security guard and a male nurse.

9. SOGONI ran into a different examination room, where 75-year-old female United States citizen, hereinafter referred to as EC, was being medically assessed. SOGONI grabbed a pair of scissors and stabbed EC several times in the arm, hand, and face. Security guards intervened and SOGONI stabbed two guards with the scissors before they could subdue and detain him. One guard, hereinafter referred to as AGL, a citizen of the Philippines, was stabbed in the head. The other guard, hereinafter referred to as HBD, a citizen of Nepal, was stabbed in the back and shoulder. None of the injuries were determined to be life threatening.

10. SOGONI was subdued and detained by security personnel and escorted to a shipboard jail where he is being held until the Norwegian Encore arrives at its next port of call in Juneau, Alaska on May 7, 2024.

11. The Director of SI/SO further advised the approximate time of the assault was at 1:50 am, Pacific time zone on May 6, 2024, and the Norwegian Encore was located at approximately 48 degrees 46.6 minutes North Latitude, 125 degrees 54.9 minutes West Longitude. According to NCL, those coordinates placed the Norwegian Encore west of Vancouver Island, British Columbia, Canada, approximately 16.5 miles away from the closest land.

## UNITED STATES ATTORNEY'S OFFICE REVIEW

12. On May 6, 2024, Assistant United States Attorney Jack Schmidt conducted a probable cause review of this affidavit and approved it for submission to the Court.

## SPECIAL MARITIME AND TERRITORIAL JURISDICTION MATTERS

13. The "Special Maritime and Territorial Jurisdiction of the United States," is defined in Title 18 U.S.C. § 7. 18 U.S.C. § 7(8) defined the term to include, "To the extent permitted by international law, any foreign vessel during a voyage having a scheduled departure, from or arrival in the United States with respect to an offense committed by or against a national of the United States."

14. The Norwegian Cruise Line cruise ship Norwegian Encore is a ship registered in the Bahamas, which is a foreign nation.

15. EC is a citizen of the United States of America.

16. The Norwegian Encore is on an itinerary that departed Seattle, Washington, on May 5, 2024. The Norwegian Encore's itinerary had scheduled ports of call in Juneau, Alaska on May 7, 2024; Skagway, Alaska on May 8, 2024; Ketchikan, Alaska on May 10, 2024; Victoria, British Columbia, Canada on May 11, 2024; and scheduled to terminate in Seattle, Washington on May 12, 2024. Seattle, Juneau, Skagway, and Ketchikan are all United States Port Cities.

17. Based upon location data provided by the crew of the Norwegian Encore at the estimated time of the alleged offense, the Norwegian Encore was located outside the jurisdiction of any State of the United States.

18. Due to the above paragraphs, there is probable cause to believe that the alleged criminal act occurred within the special maritime and territorial jurisdiction of the United States.



## CONCLUSION

19.     Based on the above information, I submit that there is probable cause to believe NTANDO SOGONI, on the 6th of May 2024, in the special maritime and territorial jurisdiction of the United States, did violate Title 21 U.S.C § 113(a)(3).

Respectfully submitted,

_____
MATTHEW B JUDY
Special Agent
Federal Bureau of Investigation

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed.R.Crim. P. 4.1 and 4(d) this  7th   day of May, 2024.

_____
MATTHEW M. SCOBLE
Chief United States Magistrate Judge
District of Alaska